`IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ONZORA JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| ) | |
| THEODIS BECK, Secretary of ) | 1:08CV336 |
| the North Carolina Department of ) | |
| Correction, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Respondent's Motion to Dismiss (docket no. 8). On June 25, 2008, Petitioner filed a Response to the Motion to Dismiss and in this posture the matter is ripe for disposition. Since the parties have not consented to the jurisdiction of a magistrate judge, I must deal with the motion by way of recommendation. For the following reasons, it will be recommended that Respondent's Motion to Dismiss be granted.

**I. Background**

Petitioner is a state prisoner who, on July 22, 2002, in Rowan County Superior Court, was convicted following a jury trial of two counts of robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon. (Ex. 1.)[1] Petitioner was sentenced to two consecutive terms of 103 - 133-months

---

[1] Exhibit numbers correspond to exhibits attached to Respondent's brief in support of the motion to dismiss (docket no. 9).

imprisonment.  Petitioner was represented at trial by J. Stephen Gray.  Petitioner appealed his conviction, and on May 4, 2004, the North Carolina Court of Appeals issued a published opinion finding no error.  *State v. Johnson*, 164 N.C. App. 1, 595 S.E.2d 176 (2004).  On December 2, 2004, the North Carolina Supreme Court denied discretionary review and dismissed Petitioner's notice of appeal.  359 N.C. 194, 607 S.E.2d 658 (2004).  Petitioner was represented on appeal by Anne M. Gomez.

Petitioner dated a pro se motion for appropriate relief ("MAR") February 2, 2006, and filed it in the Rowan County Superior Court on February 8, 2006.  (Ex. 7.) On July 27, 2006, the court summarily denied this MAR.  (Ex. 8.)  Petitioner dated a pro se certiorari petition December 21, 2006, and filed it in the North Carolina Court of Appeals on December 27, 2006.  (Ex. 9.)  Certiorari was denied on January 9, 2007.  (Ex. 10.)  Petitioner dated a pro se certiorari petition February 2, 2007, and filed it in the North Carolina Supreme Court on February 13, 2007.  (Ex. 12.)  Certiorari was dismissed on August 23, 2007.  (Ex. 13.)  Petitioner then filed a pro se federal habeas petition in this court on February 21, 2008, which was summarily dismissed without prejudice for procedural defects on March 3, 2008. *Johnson v. Anderson*, No. 1:08CV132 (M.D.N.C. Mar. 3, 2008).  Petitioner dated his current pro se federal habeas petition May 6, 2008, and filed it in this court on May 15, 2008.

## II. Petitioner's Claims

Petitioner asserts the following seven federal habeas grounds for relief: (1) unauthorized sentence; (2) admission of hearsay evidence of interrogation of a co-defendant and violation of right of confrontation; (3) denial of due process by improper jury selection, secrecy of grand jury proceedings, and denial of probable cause hearing; (4) denial of due process by failure to dismiss unsupported charges or to charge on lesser-included offenses; (5) prosecutorial misconduct; (6) denial of speedy trial; and (7) denial of effective assistance of counsel.

## III. Analysis

Respondent contends that the petition is filed outside of the one-year statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amendments to 28 U.S.C. § 2254. Under AEDPA, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a "properly filed" state post-conviction proceeding. *See* 28 U.S.C. § 2244(d)(2). Finally, the one-year limitations period is a statute of limitations rather than a jurisdictional requirement; therefore, it is subject to the doctrine of equitable tolling to, under the proper circumstances, excuse a petitioner's "failure to comply with the strict requirements of a statute of limitations." *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000). With these principles in mind, I now turn to the parties' arguments.

The North Carolina Supreme Court dismissed Petitioner's notice of appeal and denied his discretionary review petition on December 2, 2004. Petitioner thereafter had ninety days within which to file a petition for certiorari to the United States Supreme Court, which he did not do. Accordingly, Petitioner's case became final for purposes of direct review on March 2, 2005, ninety days after the December 2, 2004, order of the North Carolina Supreme Court denying review of the decision of the Court of Appeals. *See* SUP. CT. R.13.1 (90 days to file certiorari petition from final state decision) *and Clay v. United States*, 537 U.S. 522, 527 (2004) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The statute of limitations under 28 U.S.C. § 2244(d)(1) then ran for 343 days until Petitioner submitted his MAR on February 8, 2006. *See Minter v. Beck*,

4

230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appeal but before filing of post-conviction motion for appropriate relief is not tolled from one-year period of limitation).

During the pendency of Petitioner's MAR in state court, the federal habeas limitations period remained tolled. In other words, the action was tolled up to January 9, 2007, the date the North Carolina Court of Appeals denied certiorari following the summary dismissal of Petitioner's MAR. Petitioner then had twenty-two days after January 9, 2007, or until January 31, 2007,[2] within which to file a federal habeas petition. Petitioner's habeas petition submitted May 15, 2008, is therefore approximately fifteen months out-of-time. Accordingly, the petition is barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1).

The fact that Petitioner filed a certiorari petition in the North Carolina Supreme Court on his state MAR is of no import with regard to the statute of limitations. As noted by Respondent, under state law, the North Carolina Court of Appeals is the court of last review with regard to a post-conviction MAR in a non-capital case. *See* N.C. GEN. STAT. § 7A-28(a) (2007) ("Decisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ or otherwise."). Only in rare cases, such "as when the Court of Appeals applies a new

---

[2] Respondent contends that the date the limitations period expired was February 20, 2007. In fact, twenty-two days from January 9, 2007, was January 31, 2007. This miscalculation makes no practical difference in the result reached here.

5

federal constitutional rule of widespread effect on the administration of justice throughout the state," is collateral review by the North Carolina Supreme Court proper in a non-capital case. *State v. Allen*, 359 N.C. 425, 429, 615 S.E.2d 256, 259 (2005). No such rare circumstances exist in this case. Moreover, even if the February 13, 2007, certiorari petition were construed to toll the limitations period (which this court does not hold), it would not afford relief to Petitioner here. The North Carolina Supreme Court dismissed the certiorari petition on August 23, 2007, at which time Petitioner's one-year period of limitations would have resumed, and fully expired twenty-two days later, or on September 14, 2007. Petitioner's May 15, 2008, federal habeas petition would thus be eight months out-of-time.

Petitioner argues that the doctrine of equitable tolling should excuse his delay in bringing this action. The United States Court of Appeals for the Fourth Circuit has held that the limitations period set forth in 28 U.S.C. § 2244(d) is subject to equitable tolling. *See Harris*, 209 F.3d at 329-30.[3] Equitable tolling is "reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. Petitioner would be entitled to equitable tolling of the statute of limitations period if he "presents (1) extraordinary circumstances, (2)

---

[3] The Supreme Court has not specifically ruled on whether section 2244(d) allows for equitable tolling. Nevertheless, in *Lawrence v. Florida*,127 S. Ct. 1079, 1085 (2007), the Court assumed that equitable tolling was available under that statute, based upon the agreement of the parties, but found that it was not warranted under the circumstances of that case.

6

beyond his control or external to his own conduct, (3) that prevented [him] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

In his petition, Petitioner provides three reasons why he believes he should not be barred by the one-year statute of limitations: (1) He filed his MAR "as soon as possible" after his direct appeal, and it was denied without a hearing, and his certiorari petition was denied by the North Carolina Court of Appeals on February 9, 2007, and so the time period should not run until after that date. (2) He timely filed a habeas petition on February 21, 2008, which was dismissed by this court on a deficiency order on March 3, 2008. (3) He is a state prisoner and no legal research facilities are available to him, he does not have legal counsel, and he has been denied access to the courts by deliberate state action. (Pet. 14.) None of these grounds is sufficient to warrant statutory or equitable tolling.

Petitioner's first argument, that he timely filed his MAR and that the time period should not begin to run until the court of appeals denied certiorari, is simply not supported by the facts or the law. As noted, the limitations period is not tolled for the time between when a case becomes final on direct review (here, March 2, 2005) and when a MAR is filed (here, February 8, 2006). *See, e.g., Minter*, 230 F.3d at 665 (court noted that "the period of time that [the petitioner] spent pursuing *state post-conviction relief* is excluded from the one year limitation period") (emphasis added). As such, though Petitioner may indeed have filed his MAR "as soon as

7

possible," the statutory limitations period under federal law was still running even while he was contemplating his post-conviction relief action.

Petitioner next contends that the limitations period should be tolled because he timely filed a pro se habeas petition which was dismissed by this court by a deficiency order on February 21, 2008. This argument is without merit. As noted, by February 21, 2008, Petitioner's one-year limitations period had already fully expired a full year earlier.[4]

Finally, as to the argument regarding Petitioner's lack of legal access and lack of counsel, neither prong serves as grounds for equitable tolling. The Fourth Circuit has held that the government must provide a criminal defendant with access to an adequate law library or adequate access to counsel, but not both. *See United States v. Neely*, 63 Fed. Appx. 671, 672 (4th Cir. 2003). North Carolina Prisoner Legal Services (PLS) represents North Carolina prisoners in federal habeas actions. By providing lawyers to review prisoners' post-conviction cases and, if warranted, file state post-conviction motions or petitions, as well as federal habeas petitions, on behalf of prisoners, Respondent has no additional obligation to provide prison law libraries. *See Williams v. Leeke*, 584 F.2d 1336, 1338-41 (4th Cir. 1978) (where the state provided legal assistance to prisoners to review their cases, access to law

---

[4] Again, the court notes that even under the more favorable analysis, *see* discussion *supra* at 6, giving Petitioner the benefit of the doubt and allowing him until September 14, 2007, to file his habeas action, the action is still more than five months out-of-time. The filing of the first habeas action which was dismissed without prejudice, does not change the fact that by January 31, 2007, the limitations period had already expired.

8

libraries was not required); *see also Dean v. Johnson*, No. 2:07cv320, 2007 WL 4232732, at *5 (E.D. Va. Nov. 27, 2007) (stating that delays due to seeking legal advice, and related allegations of inadequate prison law libraries, have consistently been held not to constitute the "extraordinary circumstances" necessary to warrant the application of equitable tolling); *Workman v. Bazzle*, No. 9:07-2190-GRA-GCK, 2008 WL 1745182, at *10 (D.S.C. Apr. 10, 2008) (stating that ignorance of the statute of limitations or inadequacy of the prison law library does not warrant equitable tolling). Petitioner places blame on PLS for taking more than a year to decide whether it will accept a prisoner's case. This court has rejected similar arguments in the past and does so again in this case. *See, e.g., Rhew v. Beck*, 349 F. Supp. 2d 975 (M.D.N.C. 2004) (order of District Judge Osteen, adopting recommendation of Magistrate Judge Eliason, rejecting similar argument that delay by PLS was grounds for equitable tolling). Moreover, Petitioner was obviously capable of filing his claims himself, as evidenced by his two later filings without the aid of PLS. Finally, it is well settled that ignorance of the law is not a basis for equitable tolling, even where the prisoner is unrepresented in the post-trial proceedings. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). In sum, Petitioner is barred by the one-year statute of limitations, and his action should be dismissed.

9

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's motion to dismiss (docket no. 8) be **GRANTED** and that the petition be **DISMISSED** as time-barred.

_____
WALLACE W. DIXON
United States Magistrate Judge

August 8, 2008